IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

☑ **INITIAL** or ☐ **SUPPLEMENTAL**
TRUSTEE'S REPORT & OBJECTIONS FOLLOWING MEETING OF CREDITORS
and
☑ **NOTICE TO DISMISS**
☑ **MODIFICATIONS, DOCUMENTS, OR ACTIONS REQUIRED** or ☐ **READY FOR CONFIRMATION**

**IN RE:** MARCUS A. NORDBERG  **Case#:** 14-71096-PBR-13
ANGELA R. NORDBERG
6840 HOFAWGER RD,
BOONES MILL, VA 24065

This is the Trustee's report following the ☑ initial or ☐ adjourned Meeting of Creditors,
which was held on **September 12, 2014** the Debtor ☑ did or ☐ did not attend; Creditors ☐ did or ☑ did not appear.

- ☑ The hearing on confirmation and Show Cause on Dismissal is to be held on
  **October 6, 2014**, at ☐ 9:00 a.m. ☑ 9:30 a.m. ☐ 10:00 a.m. or ☐ _____, as noticed;
- ☑ Trustee objects to confirmation, and modifications, documents, or actions are required as set forth
  on attached Exhibit "A"
- ☑ The Meeting of Creditors **IS NOT** adjourned;
- ☐ The Meeting of Creditors **IS** adjourned to _____ at _____ -
  *Debtor's Attorney to notice Debtor of the continuance (if Debtor is Pro Se,*
  *no additional notice necessary).*

Further, if modifications are required, they must be served upon all affected Creditors and other parties in
interest, pursuant to the Local Rules of this Court, and noticed for hearing as of the date set forth for
hearing on confirmation, or to such other date as the Court may advise Debtor's counsel.

**WHEREFORE**, your Trustee moves the Court to dismiss this case if the requested
modifications, documents, and/or actions have not been completed at least ten days prior to the scheduled
hearing on confirmation, and/or if the Debtor has failed to appear at the original or adjourned Meeting of Creditors,
and/or if the Debtor is not current in Plan payments; and, for other relief as may seem just.

Dated: 09/24/14                    /s/ Christopher Micale
                                   Christopher Micale, Chapter 13 Trustee

Christopher Micale, Chapter 13 Trustee
P.O. Box 1001, Roanoke, VA 24005
Tel: (540) 342-3774; Fax (540) 342-3062

**CERTIFICATE OF SERVICE**

A copy of this Trustee's Report and Objection Following Meeting of Creditors was mailed to the Debtor and either
e-mailed or mailed to Debtor's counsel on September 24, 2014 (if Debtor is Pro Se, no additional notice necessary).

                                   /s/ Robyn Pedigo
                                   Christopher Micale, Chapter 13 Trustee

**Name(s):** MARCUS A. NORDBERG & ANGELA R. NORDBERG  **Case#:** 14-71096-PBR

☑ **1.** The Debtor must commence making payments at the rate and in the amounts stated in the Plan. **If the Plan calls for payments through an automatic wage deduction from an employer, the Debtor must make payments directly to Trustee until the wage deduction takes effect.**

☐ **2. The Debtor or Attorney must within 10 days.:**
  ☐ A. Submit a wage-deduction Order to the Court for entry; or
  _____
  ☐ B. Send to the Trustee the employer's payroll office mailing address so that a wage-deduction Order can be prepared
Comments:
_____

☑ **3. The Trustee objects to confirmation of the proposed Plan and/or moves to dismiss or convert this case pursuant to 11 U.S.C. § 1307 because:**
  ☐ A. Debtor ineligible for Chapter 13 pursuant to 11 U.S.C. § 109(e)
  ☐ B. Debtor ineligible for Chapter 13: nature of dismissal of prior case 11 U.S.C. §109(g)
  ☐ C. Debtor ineligible for Chapter 13: failure to obtain pre-petition credit counseling 11 U.S.C. § 109(h)
  ☐ D. Insufficient future income devoted to Trustee's control to assure execution of the Plan 11 U.S.C. §1322(a)(1)
  ☐ E. Plan does not provide for payment in full of all priority claims 11 U.S.C. § 1322(a)(2)
  ☐ F. Plan discriminates unfairly against a designated class of unsecured claims 11 U.S.C. § 1322(b)(1)
  ☐ G. Plan does not provide for the appropriate plan payment period 11 U.S.C. § 1322(d)
    ☐ Plan payment period should be _____ months.
  ☐ H. Plan does not comply with all applicable provisions of the Bankruptcy Code 11 U.S.C. § 1325(a)(1)
  ☐ I. Filing fees or other amounts required to be paid before confirmation have not been paid 11 U.S.C. § 1325(a)(2)
  ☐ J. Plan has not been proposed in good faith 11 U.S.C. § 1325(a)(3)
  ☑ K. Plan does not meet the Chapter 7 liquidation test 11 U.S.C. § 1325(a)(4)
  ☐ L. Plan fails to properly provide for the retention of a lien by an allowed secured claim holder 11 U.S.C. § 1325(a)(5)(B)(i)
  ☐ M. Amount to be distributed to allowed secured claim is less than the claim's allowed amount 11 U.S.C. § 1325(a)(5)(B)(ii)
  ☐ N. Periodic payments to an allowed secured claim are not in equal monthly installments 11 U.S.C. § 1325(a)(5)(B)(iii)
  ☐ O. Payments to creditor secured by personal property insufficient to provide adequate protection 11 U.S.C. § 1325 (a)(5)(B)(iii)
  ☐ P. Debtor will not be able to make all payments under plan or comply with plan; plan infeasible 11 U.S.C. § 1325 (a)(6)
  ☐ Q. Debtor did not file the petition in good faith 11 U.S.C. § 1325 (a)(7)
  ☐ R. Debtor has not demonstrated that all post-petition support payments have been made 11 U.S.C. § 1325 (a)(8)
  ☐ S. Debtor has not filed all applicable Federal, State and local tax returns (§ 1308) 11 U.S.C. § 1325 (a)(9)
  ☑ T. Plan fails to provide that all of the debtor's projected disposable income in the applicable commitment period will be applied to plan payments 11 U.S.C. § 1325 (b)(1)(B)
  ☐ U. Plan as proposed is underfunded (not sufficient funds for Trustee to pay claims as proposed in plan)
  ☐ V. Debtor is in default of plan/Trustee payments.
  ☐ W. Note: Plan must Pay 100% of unsecured claims because of: ☐ Chapter 7 Test ☐ Disposable Income Test ☐ Equity in Real Property
  ******Chaper 7 test requires _____ for unsecured creditors and current plan provides for _____ to unsecured creditors
  ☐ X. A Chapter 13 plan was not filed with the Bankruptcy Court (Rule 3015, Code Sections 1307 and 1321 require dismissal)
  ☑ Y. Other: _____
Comments:
  **K: To the extent any inchoate or future interest or other post-petition asset is disclosed, the property should revest in the Debtor(s) only to the extent it is now exempt or could be claimed as exempt once realized;**

**T: To the extent the Debtors revealed new income at the Meeting of Creditors and are not proposing to pay interest to the allowed creditors.**

**Y; The Debtors should pay the allowed unsecured creditors in full together with 3% interest. The Trustee recommends adding language to the confirmation order, if achieved, that allowed unsecured creditors shall be paid in full together with 3% interest.**

☐ **4. The Debtor must provide the Trustee with the following documents:**
  ☐ A. Copy of all of the Debtor's pay stubs, operating statements (if self employed), retirement checks, or government benefits (Social Security, Unemployment, Insurance, etc.) received in the 60 day period before this case was filed
  ☐ B. Copy of any previously filed Homestead Deed(s)
  ☐ C. Within ____days a copy of all delinquent unfiled income tax returns, plus a statement confirming that returns have been filed with (as applicable) Special Procedures Division of the IRS and the Bankruptcy Department of the Virginia Department of Taxation in Richmond
  ☐ D. Copy of the Debtor's real estate and/or personal property documents
    ☐ Real estate tax assessment for the current year
    ☐ Personal property tax assessment for the current year
    ☐ Most recent real estate appraisal
  ☐ E. A copy of deed conveying real property to Debtor(s)
  ☐ F. A copy of current car insurance declaration page stating term of coverage, kinds of coverage, and total premium
  ☐ G. A copy of the following state or federal income tax returns: _____
  ☐ H. Copy of debt repayment plan developed through budget counseling process 11U.S.C. § 109(h), 521(b)
  ☐ I. Copy of documents evidencing debtor's interest in education individual retirement account 11U.S.C. § 521(c)
  ☐ J. Documents, properly summarized, to support: _____
  _____
  ☐ K. The questionnaire sent to the Debtor by the Trustee (with all questions answered)
  ☐ L. A copy of the Debtor's most recently filed federal income tax return _____ 11U.S.C. § 521(e)(2)
  ☐ M. Pursuant to 11 U.S.C. § 521(f) a copy of:
    ☐ 1. Each federal income tax return (and amendments) filed for any tax year ending while this case is pending;
    ☐ 2. Each federal income tax return (and amendments) that (a) is filed for any year ending in the three year period ending on the date this case was filed, and (b) had not been filed when this case was filed;
    ☐ 3. A statement under oath, to be filed annually at least 45 days before the anniversary of the plan's confirmation date, of (a) income & expenditures for the most recently concluded tax year, and (b) monthly income (showing how calculated)
  ☐ N. DSO information needed: payee name, address, and phone number
  ☐ O. The debtor shall file a pre-confirmation affidavit or provide other evidence (etc) unless one has already been filed or the requirement is inapplicable to this debtor.
  ☐ P. Proof of post-petition house payments through confirmation.
  _____

☐ Q. Other: _____
Comments: _____

☐ **5. The Debtor must provide the Trustee with the following information:**
_____

☐ **6. The Debtor must file the following pleading(s):**
☐ A. Complaint to Avoid Lien for:
_____

☐ B. Application for Allowance of attorney's fees in excess of usually allowed amount.
☐ C. Motion to Make Plan Payments Direct
☐ D. Special Notice for Adequate Protection for:
_____

☐ E. Motion to Extend or Impose Automatic Stay
☐ F. Other:
_____

Comments:
_____

☑ **7. The Debtor must amend and re-file the following Schedules to provide complete and accurate information:**
☐ A. Schedule A:
_____

☐ B. Schedule B:
_____

☐ C. Schedule C:
_____

(1)Trustee objects to the following claims of exemption:
_____

☐ D. Schedule D:
_____

☐ E. Schedule E:
_____

☐ F. Schedule F:
_____

☐ G. Schedule G:
_____

☐ H. Schedule H:
_____

☑ I. Schedule I:
**To reveal new employment and income per testimony at Meeting of Creditors.**

☑ J. Schedule J:
**To update expenses with new income.**

☐ K. Statement of Financial Affairs:
_____

☐ L. Attorney Disclosure Statement:
_____

☐ M. Form 21 (Social Security #):
_____

☐ N. Petition:
_____

☐ O. Statement of anticipated increases in income/expenses over first 12 months:
_____

☐ P. Form B22C (Current Monthly Income):
_____

☐ Q. Other:
_____

☐ **8. The Debtor must amend the proposed plan as follows:**
☐ A. To provide for adequate protection payments pursuant to § 1326 for the following secured creditor(s):
_____

☐ B. To amend Plan to pay secured debt arrearage in full, or file objection to claim filed by lienholder (objection to be heard and/or resolved by the date of confirmation), for the following creditor(s):
_____

☐ C. To provide for submission to the Trustee copies of operating statements and proof of tax payments every calendar quarter during Plan.
☐ D. To increase Plan payments as follows:
_____

☐ E. To correct proposed percentage payout to unsecured creditors.
☐ F. To provide for the following priority or secured claims, or object to claim(s):
_____

☐ G. File, notice, and properly serve "Special Notice to Secured Creditor" for:
_____

☐ H. Redo plan using proper Plan format (see Court's web site)
☐ I. Other:
_____

Comments:
_____

☐ **9. The Plan needs to be re-noticed to:**
☐ A. All creditors
☐ B. The following creditors:
_____

☐ **10. If debtor is current at scheduled confirmation date of _____ , Trustee agrees to continue confirmation past the bar date.**
☐ **11. Pay Stub analysis cannot be completed until receipt of information requested in #4 A.**
☐ **12. Debtor ineligible for discharge because of recent discharge in prior case 11 U.S.C. § 1328(f).**
☑ **13. Trustee withholding recommendation pending review of actions, information, or documentation requested.**

☐ 14. At this time, nothing further is required, and Plan approved confirmation provided that Debtor is current in Plan payments as of confirmation date and section 4 letter O of this report is provided for.